SMITH, Judge,
dissenting:
The wife bought the house and lot on Lakeview Road before the marriage. It is not clear that her purpose was to provide a marital home. The appellant husband’s claim of entitlement to a “special equity” is predicated on his monetary contributions during the marriage toward mortgage payments, improvements including rewiring, central heat and air conditioning, a new roof, and a new room. During the marriage the wife also contributed financially to household expenses, including the mortgage payment. The house was the marital home for the period of the marriage, from September 1969 until the parties separated in August 1977. The husband’s two daughters by a prior marriage also occupied the house from July 1972 and July 1973, respectively. The wife pleaded a claim for alimony but waived it.
Apparently considering all the equities in the case, including that which the husband characterizes as “special,” the chancellor decided that the wife’s title to the house and lot, contributed to and enjoyed by both parties and by the husband’s daughters during the marriage, should remain in status quo upon its dissolution. I do not doubt that Giachetti, Windham, and Long can in a proper case be extended to recognize a husband’s “special equity” in the wife’s property purchased prior to marriage, though those decisions did not so hold; but I do not think this is such a case, or that this court should here initiate such a remedy. The “special equity” formula is to be applied to achieve equity, not simply to trace monetary contributions for real estate, as distin *1253 guished from groceries, to their point of expenditure. The majority implies as much by declining to specify the amount of the husband’s “special equity,” though his expenditures are readily calculable. Whatever equities the husband accumulated by his contributions, I cannot agree that they supervene the wife’s competing, if less “special,” equities. I find no fault with the chancellor’s conclusion that, by whatever doctrine is necessary to the result, the wife should come out of the marriage with the house she brought into it. I would affirm.